IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RON FLEMMING, #R63277,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 3:15-cv-00263-JPG |
| ) | |
| **T.A. SPILLER,** ) | |
| **DR. ELS,** ) | |
| **JOHN DOE,** ) | |
| **K. MELVIN,** ) | |
| **DON SHIPLEY,** ) | |
| **SARAH JOHNSON, and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ron Flemming is currently incarcerated at the Hill Correctional Center in Galesburg, Illinois, but was previously incarcerated at Pinckneyville Correctional Center in Pinckneyville, Illinois, until approximately 2014. (*See* Doc. 2 at 9-11.) Proceeding *pro se*, Flemming has filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1.) As best the Court can tell from Flemming's complaint, Flemming alleges that he was provided with inadequate care for his eye conditions during his incarceration at Pinckneyville. (*Id.* at 5.)

This matter is now before the Court for a preliminary review of Flemming's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is

frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." Here, Flemming's complaint fails to state a claim on which relief may be granted, as his complaint is lacking in factual detail.

For a plaintiff to state a claim, he must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court is generally required to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Moreover, "adequate abstract recitations of the elements" of a case or "conclusory legal statements" are insufficient to put forth a claim that is plausible on its face. *Id.* In the end, allegations that are "too vague" to lay out the "contours of [a] claim" are insufficient – a plaintiff must provide "some specific facts" to put forth a plausible claim for relief. *See id.* at 581.

Even when the Court construes Flemming's *pro se* complaint liberally, his petition is too weak on facts to state a claim. While Flemming's complaint is lengthy – measuring 39 pages of single-spaced, handwritten text – most of that length consists of conclusory legal statements, a mishmash of legal terms, references to exhibits (which separately consist of over 100 pages), and statutory or case law references. For instance, pages 6 through 14, 16 through 18, and 24 through 39 of the complaint contain mostly vague assertions, namely that unspecified defendants engaged in "careless [negligence] and the acts of gross [negligence]," that Warden Spiller "did not comply within the Illinois statutory commands that govern declaratory judgment," and that the Illinois Administrative Review Board and the Pinckneyville Correctional Center "must be

held accountable for the multitude of deprivations and the magnitude of the grave effects of Plaintiff's physical impairments." (Doc. 1 at 7, 10, & 30.) The remaining pages include a bit of factual content mashed in with legalese, but the few facts pled are almost always vague and sketchy. At its most detailed, the complaint states that Flemming has chronic eye conditions, including glaucoma and "entropian lashes," and that Flemming was denied treatment for those conditions by officials while at Pinckneyville. (*Id*. at 15 & 20.) The particulars concerning the dates of treatment or treatment denial, complaints concerning treatment or treatment denial, and when Flemming was even incarcerated at Pinckneyville are all left out of the complaint. Such a lack of facts will not do under *Ashcroft v. Iqbal*, which requires enough "factual content" to allow the Court to draw the inference "that the defendant is liable." 556 U.S. at 678.

Flemming's complaint suffers from another, related problem: it does not lay out how each Defendant was personally involved in Flemming's deprivation of care. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005). While Flemming's complaint includes a narrative list of Defendants, that narrative is long on conclusory legal assertions and short on facts. For instance, as to Grievance Officer Melvin, Flemming only states that he is "employed by" Pinckneyville, and that he is "charged with reckless disregard to the seriousness of Plaintiff's physical medical urgent treatment and medical care attention as is [gravely] needed after having first-hand knowledge of such." (Doc. 1 at 3.) Similarly, for Defendant Johnson, Flemming only claims that she is "employed by the Illinois Department of Corrections," and that she is "charged with reckless disregard to the seriousness of Plaintiff's physical medical urgent treatment and medical care attention as is [gravely] needed after having

first-hand knowledge of such let this pertinent factor fall on deaf ear." (*Id.* at 5.)  How the Defendants were personally and directly involved in Flemming's medical care is absent from the complaint.  Without those details, Flemming has not pled personal involvement under § 1983.

Given these defects, Flemming's complaint is subject to dismissal.  However, rather than dismiss the entire action, the Court shall allow Flemming one opportunity to submit an amended complaint in order to correct the deficiencies in his pleading.  In drafting his amended complaint, Plaintiff need not cite case law, and he should avoid using legalese, conclusory statements of law, and non-specific, vague allegations of fact.  Rather, Flemming should follow the instructions on the Court's civil rights complaint form, which directs a plaintiff to state "when, where, how, and by whom" his rights were violated.  In doing so, he should concisely state the actual facts that support his claim, noting in particular which prison employees were personally involved in his alleged constitutional violation and how those employees were involved.  While Plaintiff may attach exhibits to his complaint, he may not refer to exhibits alone to satisfy his pleading obligations; rather, he must include sufficient factual detail in his actual complaint.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this order (on or before **May 5, 2015**).  The amended complaint shall identify the individual Defendant or Defendants responsible for the alleged unconstitutional actions and how those individuals were personally and directly involved in the alleged unconstitutional actions.  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See*

*Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading in this case or elsewhere.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).  No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS FURTHER ORDERED** that Plaintiff's motion for Appointment of Counsel (Doc. 3) is held in **ABEYANCE** pending receipt of an amended complaint.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 30, 2015**

*s/J. Phil Gilbert*
**J. Phil Gilbert**
**United States District Judge**
