IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RON FLEMMING, R63277,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.  **3:15-cv-00263-JPG-PMF** |
| ) | |
| **DR. ELS and** ) | |
| **JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Ron Fleming's motion for leave to file an amended complaint (Doc. 38). Fleming is an inmate with the Illinois Department of Corrections ("IDOC") and he is currently located at Hill Correctional Center. Fleming initially filed suit on March 9, 2015 stating that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Fleming has a prosthetic right eye and he suffers from chronic problems (including glaucoma) in the left eye. On May 7, 2015 Judge Gilbert screened Fleming's complaint pursuant to 28 U.S.C. § 1915A and held that he articulated the following claims:

**Count 1:** A deliberate indifference to serious medical needs claim against Dr. Els;

**Count 2:** A deliberate indifference to serious medical needs claim against John Doe Pinckneyville pharmacy technician.

Judge Gilbert notified Fleming in the screening order that if he could not identify the John Doe pharmacy technician through normal discovery, the Warden of Pinckneyville Correctional Center may be added in their official capacity to assist in identifying identify him.

1

Fleming now seeks to amend his complaint. Fleming first seeks to add the Warden of Pinckneyville Correctional Center in their official capacity solely for the purpose of identifying the John Doe pharmacy technician. Fleming also seeks to add Wexford Health Sources, Inc. as a defendant. According to the proposed amended complaint, Wexford has "expressed policies and guide-lines that are the moving force behind deliberate indifference toward serious medical needs." However Fleming has not identified the policy, practice, or custom that he asserts to be unconstitutional. See *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 786 (7th Cir. 2014). Such simple, conclusory allegations are insufficient to state a claim under Rule 8 of the Federal Rules of Civil Procedure. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (complaint is insufficient if it if "tenders naked assertions devoid of further factual enhancement").

It is therefore RECOMMENDED that plaintiff's motion for leave to file an amended complaint be GRANTED. The Warden of Pinckneyville Correctional Center should be added as a defendant in their official capacity solely for the purposes of identifying the John Doe pharmacy technician. Fleming shall then proceed on his original two counts only, as the proposed count against Wexford fails to state a claim upon which relief can be granted.

SO RECOMMENDED.
DATED: <u>April 25, 2016</u>.

*s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE
