IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RON FLEMMING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-00263-JPG-PMF |
| | ) | |
| T.A. SPILLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 40) of Magistrate Judge Philip M. Frazier with regard to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 38). The Plaintiff filed an objection to the R&R (Doc. 44) and it appears that the objection was filed twice (Doc. 45). As such, Plaintiff's objection to the R&R (Doc. 45) is STRICKEN as duplicate to Plaintiff's objection (Doc. 44).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As an objection has been filed, the Court will review that portion of the R & R *de novo*.

The R&R recommends that the Court grant the plaintiff leave to file an amended complaint; however, the R&R recommends that the amended complaint be limited to the addition of the Warden of Pinckneyville Correctional Center in his official capacity to assist in

identifying the John Doe Pinckneyville pharmacy technician. Plaintiff objects as he was also seeking to add Wexford Health Sources, Inc., "because of their expressed policies and guide-line that are the moving force behind deliberate indifference toward serious medical needs." (Doc. 38).

The R&R correctly noted that the plaintiff did not identify any policy, practice or custom, but simply stated that Wexford had "policies." In his objection, Plaintiff does not clarify what policies, but only states that he is, "in possession of Wexford Health Sources, Inc. actual unconstitutional (cost-effective policy), practice that is deliberately indifferent to a serious medical need by failing to provide prompt and adequate treatment."

The Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Further, a *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled. *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992).

In this case, the plaintiff has not put forth any facts that state a cause of action against Wexford Health Service. He has stated that Wexford has a "practice or policy" and also that he is "in possession" of the policy, yet the Court has no indication of what policy the plaintiff is referencing. Is it a policy that directs the health care provides to give one medication over another for a certain illness? Is it a policy to delay referring patients to outside medical facilities for certain treatments? Is it a policy that deals with the plaintiff's condition regarding prosthetics or treatment of vision disorders?

Without facts, there is insufficient information to allow the plaintiff to add Wexford Health Service as an additional defendant in this matter.

Therefore, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 40) in its entirety and Plaintiff's Motion (Doc. 38) for leave to file an amended complaint is **GRANTED,** but limited to the addition of the Warden of Pinckneyville Correctional Center in his official capacity to assist in identifying the John Doe Pinckneyville pharmacy technician.  Plaintiff is **DIRECTED** to file his amended complaint on or before **June 20, 2016**.  Defendants are **GRANTED** to 30 days from the date the amended complaint is filed to file an answer to plaintiff's amended complaint.

**IT IS SO ORDERED.**

DATED:  5/16/2016            *s/J. Phil Gilbert*
                             **J. PHIL GILBERT**
                             **DISTRICT JUDGE**