IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RON FLEMMING, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 15-cv-263-SMY-RJD |
| DR. ELS and DEBORAH REEVES, | ) ) ) |
| Defendants. | ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ron Flemming, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this action pursuant to 42 U.S.C. § 1983, alleging that his constitutional rights were violated while he was incarcerated at Pinckneyville Correctional Center ("Pinckneyville"). Plaintiff asserts claims against Dr. Dennis Els and pharmacy technician Deborah Reeves. He alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment. Following threshold screening, Plaintiff proceeds on the following Counts:

**Count 1:** Defendant Els violated Plaintiff's Eighth Amendment rights by failing to provide proper treatment for glaucoma.

**Count 2:** Defendant Reeves violated Plaintiff's Eighth Amendment rights by failing to provide prescription eye drops used to treat glaucoma.

This matter is currently before the Court on the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendant Reeves (Doc. 114) and the Motion for Summary Judgment for Failure to Exhaust Remedies filed by Defendant Els (Doc. 116). Plaintiff filed responses to Defendants' motions (Docs. 121, 122). Defendant Els filed a Reply to Plaintiff's Response (Doc. 123) and Plaintiff filed a Motion to Strike the Reply (Doc. 124). Plaintiff's Motion to Strike is well taken as Defendants did not seek leave to file the

Reply, therefore the Motion (Doc. 124) is **GRANTED**. For the following reasons, Defendants' motions for summary judgment for failure to exhaust remedies are **DENIED**.

**Factual Background**

Plaintiff attached two grievances to his Complaint in the instant action concerning his concerns regarding prescription eye drops and treatment for glaucoma. His grievance dated March 23, 2014, states that he has been "sending request slips to the pharmacy manager because he has not been receiving his primary eye drop (Levobunolol) for five to six months, 8/13, 9/13, 10/13, 11/13, 12/13, and now 3/14, despite the requests put in to doctor and pharmacy" (Doc. 65-5 at 1). The relief requested is to stop the inconsistency in receiving serious medication for chronic ailments and to provide major medication (*Id.*). The counselor responded to the grievance on April 8, 2014, stating that Plaintiff had his meds signed out to him on 3-21-14 and that he must present the refill sticker to the nurse when she makes rounds on the evening shift (*Id.*) The Grievance Officer's Report was issued on April 29, 2014, stating that "per DON Shipley, pharmacy indicated he had everything signed out to him on 3/21/14. I have checked with the pharmacy and he has no medication that will be delivered. Again, he has not presented to the nurse that is making rounds that he needs refills when she went cell to cell" (*Id.* at 3). The report also notes that "no specific dates or names have been provided to properly address issues or to determine whether grievance was filed within timeframe allowed by DR504" (*Id.*). The recommendation was that the grievance be denied because the grievant's medical concerns have been addressed by health care staff and offender should follow proper protocol to be seen for any further issues (*Id.*). The Chief Administrative Officer ("CAO") responded, concurring with the grievance officer on June 13, 2014 (*Id.*).

Plaintiff's second grievance dated March 24, 2014, states that he has not seen Dr. Els in about a year and a half despite his request to see a doctor about having blurred vision and not

receiving Levobunolol eye drops (*Id.* at 4). He alleges the doctor has not given him a glaucoma test for over two years (*Id.*). He states he has one eye and severe glaucoma and that it is a serious medical issue (*Id.*). The relief requested was to see an eye doctor and get eye drops (*Id.*). The Counselor responded to this grievance on April 8, 2014, stating that due to the lockdown, Plaintiff was unable to be seen and that he would be re-scheduled (*Id.*). The Grievance Officer's Report was issued on April 29, 2014, stating the lockdown had been lifted and Plaintiff would be placed on the next available eye doctor line (*Id.* at 5). The report also notes that no specific dates have been provided to properly address issues or to determine whether grievance was filed within timeframe allowed by DR504 (*Id.*). The recommendation was that the grievance be denied because the grievant's medical concerns have been addressed by health care staff and offender should follow proper protocol to be seen for any further issues (*Id.*). The CAO responded concurring with the grievance officer on June 13, 2014 (*Id.*).

On July 1, 2014, Plaintiff sent a hand-written letter to the ARB stating that he had not received a reply to his two grievances prior to his transfer from Pinckneyville to Hill Correctional Center on May 7, 2014 (*Id.* at 6). In the letter, he restates the grievances regarding the eye drops and lack of treatment for his glaucoma (*Id.*). The ARB replied on September 10, 2014, noting that it was not submitted in the timeframe outlined in Department Rule 504 and that therefore, the issue would not be addressed further (*Id.*).

In support of her motion, Defendant Reeves asserts that Plaintiff failed to grieve within 60-days of the initial incident giving rise to his claims; Plaintiff failed to include adequate facts to support his grievances; and Plaintiff failed to properly appeal grievances relevant to the instant lawsuit directly to the Administrative Review Board ("ARB"). Defendant Els asserts that Plaintiff failed to grieve within 60 days of the treatment giving rise to his claims; Plaintiff's failed to grieve Dr. Els's treatment, rather he grieved not getting to see Dr. Els; and Plaintiff

failed to properly file or appeal the relevant grievance to the ARB. Plaintiff maintains that two grievances were filed that adequately describe the facts and that these grievances were timely under the "continuing violations doctrine." Plaintiff further asserts that both grievances were appealed to the Administrative Review Board.

## Legal Standard

### *Summary Judgment Standard*

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In deciding a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Exhaustion Requirements under the PLRA*

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit.

*Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense and the defendant bears the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). If a plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

Additionally, an inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but rather on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*.

Inmates are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

After a careful review of the arguments and evidence set forth in the parties' briefs, the Court has determined that an evidentiary hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), is not necessary.

## Discussion

### *Defendant Reeves*

Reeves first argues that Plaintiff's March 23, 2014 and March 24, 2014 grievances discussing prescription eye drops were not timely because they were not filed within 60 days after he became aware of the first incident in August 2013. Plaintiff's March 23, 2014 grievance stated that he "hadn't been receiving his eye drops for five to six months, 8/13, 9/13, 10/13, 11/13, 12/13, and now 3/14." As Plaintiff's grievance complained that he was being denied medication, including in March 2014, the Court finds that the alleged violations were continual. Thus, the grievances filed on March 23, 2014 and March 24, 2014 were timely filed.

Reeves also argues that Plaintiff's grievances failed to allege sufficient facts or identify a specific person denying him medication. Plaintiff's grievances clearly state his complaints about the denial of prescription eye drops for his glaucoma. Although he did not specifically identify who denied the eye drops, he mentioned sending request slips to the "pharmacy manager" and provided the institution with sufficient information to address his complaints. Based on these statements, the Court finds that the prison had sufficient information to address Plaintiff's complaints regarding his treatment and, with a minimal amount of due diligence, could have discovered who in the pharmacy was receiving Plaintiff's request slips.

Finally, Reeves argues that Plaintiff did not exhaust his remedies because he failed to properly grieve to the ARB. Reeves points out that Plaintiff's handwritten letter to the ARB failed to attach the response of the Grievance Officer and the CAO. However, the ARB's response on September 10, 2014 did not ask Plaintiff to provide a copy of the responses. The denial simply noted that it was, "[n]ot submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further."

The Illinois Administrative Code allows an inmate to appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. Plaintiff received the denial from the CAO on June 13, 2014, and the ARB received Plaintiff's appeal on July 8, 2014, within the 30 day timeline. It is unclear to the Court why the ARB denied reviewing Plaintiff's appeal on the merits since it was timely submitted within 30 days.[1] That said, an inmate is required to exhaust only those administrative remedies available to him, and Plaintiff attempted to appeal to the ARB, but they inexplicitly refused to review his grievance on the merits. Following the refusal of the ARB, no further remedies were available to Plaintiff. Therefore, Plaintiff exhausted his administrative remedies as to Reeves.

### *Defendant Els*

Els asserts that Plaintiff's March 24, 2014 grievance, the only grievance referring to him, does not exhaust his remedies because it was not filed within 60 days of any treatment Dr. Els provided. Plaintiff again asserts the continuing violations doctrine allows the limitations period to commence anew every day that treatment is withheld. The March 24, 2014 grievance spells out that despite Plaintiff's request, Els had not seen Plaintiff for a year and a half. The question of whether Dr. Els received Plaintiff's request to be seen by an eye doctor is one for the jury. The grievance was timely filed because the incident Plaintiff is grieving is the continuing lack of medical treatment for his glaucoma.

Els further asserts that the grievance did not allege impropriety of the medical treatment he provided Plaintiff. In addition to stating he had not seen Dr. Els in a year and a half, Plaintiff's grievance also stated that the "doctor hasn't given me glaucoma test for over two

---

[1] The Court notes that the Grievance Officer's Report states, "No specific dates or names have been provided to properly address issues or to determine whether grievance was filed within timeframe allowed by DR 504." However, the grievance officer proceeded to review the grievance and rule on the merits, therefore allowing the decision to be appealed to the ARB.

years." Those allegations were sufficient to put Dr. Els on notice regarding the complained of conditions, namely the lack of medical treatment being provided.

Finally, Els argues that because Plaintiff did not receive a decision to the appeal on the merits from the ARB, he failed to exhaust his administrative remedies. The ARB addressed both of the grievances Plaintiff submitted in the one document from September 10, 2014. As noted above, Plaintiff attempted to appeal to the ARB, but they inexplicitly refused to review his grievance on the merits. Following the refusal of the ARB, no further remedies were available to Plaintiff. As such, the Court finds that Plaintiff also exhausted his administrative remedies as to Els.

## Conclusion

Plaintiff's Motion to Strike (Doc. 124) is **GRANTED**. Defendants' Motions for Summary Judgment for Failure to Exhaust Administrative Remedies (Docs. 114 and 116) are **DENIED**.

**IT IS SO ORDERED.**
**DATED: January 31, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**
