IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RON FLEMMING, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15-cv-263-SMY-RJD |
| DR. ELS, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Strike Defendant Dr. Els' Retained Expert Witness (Doc. 147) and Motion for Oral Argument Pursuant to Local Rule 7.1(h) (Doc. 151). Defendant filed a Response to Plaintiff's Motion to Strike Expert Disclosure (Doc. 150). Plaintiff's Motion for Oral Argument (Doc. 151) is **DENIED**.

Plaintiff argues Defendant Els's retained expert witness should be stricken because he was not timely disclosed. Pursuant to the Court's amended scheduling Order (Doc. 136), discovery in the case closed on July 9, 2018. Plaintiff asserts that in his interrogatories of March 29, 2018, he specifically asked Dr. Els to name any controlled/retained expert witnesses that he may call to testify at trial. On April 20, 2018, Dr. Els answered Plaintiff's interrogatories stating, "he had not yet made a determination as to who may be called as a controlled expert witness but reserved the right to make that determination and disclosure at a later date." Plaintiff asserts Dr. Els did not disclose any retained/controlled expert witness before the discovery cut-off date of July 9, 2018.

On August 27, 2018, Dr. Els, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B),

disclosed Dr. Walter Jay as a retained expert witness in this matter. Plaintiff asserts that, pursuant to Judge Yandle's Case Management Procedures, any *Daubert* motion Plaintiff needed to submit had to have been filed by the dispositive motion deadline of July 23, 2018. Plaintiff argues because the identity of Dr. Jay was not disclosed until 35 days after the dispositive motion deadline, Plaintiff has now lost his ability to challenge Dr. Jay's opinions in the case. Plaintiff also argues Defendant's disclosure of Dr. Jay as an expert fails to comply with this Court's Uniform Trial Practice and Procedures, which states, "the cut-off date for all discovery, including experts and third parties, shall not be later than 115 days prior to the first day of the month of the presumptive trial date." The disclosure of Defendant's expert was made only 66 days prior to the first day of the trial month.

Defendant argues Federal Rule 26(a)(2)(D) provides for the disclosure of expert witnesses 90 days prior to trial "absent court order." Defendant further asserts that although the discovery cut-off was set for July 9, 2018, the party depositions were not completed until July 11, 2018 and that at no time did the parties contemplate an expert disclosure schedule prior to the completion of party depositions. Defendant states that he is willing to accommodate Plaintiff's counsel and eliminate the stated prejudice to Plaintiff by producing Dr. Jay for a deposition. Further, Defendant is willing to agree to the timeliness of any filing deadline for a *Daubert* motion. Defendant also asserts Plaintiff would have an opportunity under the rules to disclose any rebuttal expert that it deems necessary.

While the scheduling order may not have specifically set forth deadlines for expert discovery, the order clearly set forth the discovery deadline. Defendant did not seek leave of court to extend the discovery deadline or request additional time for expert discovery. Defendant has failed to set forth a compelling reason to allow the late disclosure. Given the late disclosure, lack

of excusable neglect, and prejudice to Plaintiff, the Motion to Strike Defendant's Retained Expert Witness (Doc. 147) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** September 13, 2018

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**